```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA         :
        Plaintiff        :
                         :
                         :
     v.                          :   CRIMINAL NO. 1:CR-08-003
                         :
                         :
RUSSELL W. ABBOTT,               :
        Defendant        :

*M E M O R A N D U M*

*I.   Introduction*

      We are considering Russell Abbott's pro se appeal of his conviction for failing to comply with his duties at a stop sign. We will deny the appeal and affirm Abbott's conviction.

*II.  Background*

      On September 4, 2007, Abbott was cited by a police officer at the New Cumberland Army Depot for failure to obey a stop sign. Abbott was fined $25.00. A bench trial before Magistrate Judge J. Andrew Smyser occurred on December 19, 2007, at which Abbott was found guilty and ordered to pay the $25.00 fine and a $5.00 special assessment.

      At trial, the Government presented the testimony of John Jensen, the citing officer. Jensen observed a vehicle come to a stop at a posted stop sign at the intersection of 3rd Avenue and O

Avenue before proceeding through the intersection. Trial Transcript ("TT"), pp. 4-5. According to Jensen, Abbott, who was driving the vehicle immediately behind the first vehicle, then followed the first vehicle through the stop sign without coming to a stop. *Id*. at 5. After Jensen stopped Abbott, Abbott told Jensen that an unnamed book had informed him that he could follow the first vehicle through the stop sign. *Id*. at 6.

Abbott testified that the first vehicle actually rolled through the stop sign and, after spotting Officer Jensen, hit the brakes. *Id*. at 10. Abbott, who was immediately behind the first vehicle, then had to slam on his brakes. *Id*. at 11. In doing so, he stopped a foot before the stop sign. *Id*. at 10. Believing that he did not need to proceed an additional foot and stop again at the stop sign, Abbott proceeded through the intersection. *Id*. Derrick Smith, the driver immediately behind Abbott, testified that the first vehicle rolled through the stop sign, applied the brakes, and then proceeded through the intersection. *Id*. at 17.

The Magistrate Judge credited Officer Jensen's testimony that Abbott did not stop a foot or two before the stop sign after the first vehicle applied its brakes. *Id*. at 22. Instead, Abbott proceeded through the intersection after the initial vehicle. *Id*.

On January 3, 2008, Abbott appealed his conviction. (doc. 1). Abbott's brief contests the guilty verdict,

specifically the finding that he followed the first vehicle without stopping his own vehicle at the stop sign. (doc. 3).

*III. Discussion*

   *A. Standard of Review*

A defendant may appeal from a judgment of conviction by a Magistrate Judge to a District Court Judge. Fed. R. Cr. P. 58(g)(2)(B); Local Criminal Rule 58.1. We have jurisdiction to consider the appeal pursuant to 18 U.S.C. § 3402. The appeal is not a trial de novo. Fed. R. Cr. P. 58(g)(2)(D).[1] Instead, "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id*.

Abbott's challenge to the sufficiency of the evidence supporting his conviction "is subject to a deferential standard of review under which we construe all evidence in favor of the Government and will only reverse if '[no] reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Al-Ame*, 434 F.3d 614, 616

---

[1] Despite Abbott's request, doc. 3, he is not entitled to a jury trial. An offense for which the maximum period of incarceration is less than six months--such as the offense charged here--is presumptively a "petty offense," and does not entitle the defendant to a jury trial unless the defendant can overcome the presumption. *See United States v. Nachtigal*, 507 U.S. 1, 3-4, 113 S. Ct. 1072, 122 L. Ed. 2d 374 (1993); *Blanton v. City of North Las Vegas*, 489 U.S. 538, 542, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989). Abbott has not done so here.

(3d Cir. 2006) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).  Additionally, we review legal determinations de novo, and we will not disturb the Magistrate Judge's factual findings unless they are clearly erroneous.  *United States v. Forchion*, No. 04-949, 2005 WL 2989604, at *2 (E.D. Pa. Jul. 22, 2005) (citing *United States v. Ledesma-Cuesta*, 347 F.3d 527, 530 (3d Cir. 2003) and *United States v. Helbling*, 209 F.3d 226, 237 (3d Cir. 2000)).  "A finding of fact is clearly erroneous 'only if it is completely devoid of a credible evidentiary basis or bears no rational relationship to the supporting data.'"  *United States v. Soberon*, 929 F.2d 935, 943-44 (3d Cir. 1991) (Rosenn, J., concurring and dissenting) (quoting *Am. Home Products Corp. v. Barr Laboratories, Inc.*, 834 F.2d 368, 370-71 (3d Cir. 1987)).

   *B.   Decision of the Magistrate Judge*

   The verdict is supported by the evidence.  With respect to a driver's duties at a stop sign, 75 Pa. C.S.A. § 3323 provides, in relevant part: "[E]very driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line . . . ."[2]  On appeal, Abbott only contests the determination as to whether he stopped as required by the stop sign.  Abbott claims

---

[2] Abbott was cited for violating 75 Pa. C.S.A. § 3111(a) which requires drivers to obey the instructions of a traffic-control device.

that he complied with his duties to make a complete stop at the stop sign because he had to use his brakes to avoid hitting the vehicle immediately in front of him.  *See* doc. 3.  Abbott argues that the testimony of the driver immediately behind him corroborates his version of the events.  *Id*.

The Magistrate Judge, however, determined that Abbott did not stop at the stop sign and instead followed the initial vehicle through the stop sign.  This conclusion was not clearly erroneous as it is supported by the citing officer's testimony.  The Magistrate Judge credited the testimony of Officer Jensen who observed Abbott follow the initial vehicle through the stop sign without making his own stop.  TT, p. 5.  Officer Jensen also testified that upon stopping Abbott, Abbott claimed that according to an unnamed book, he could follow a vehicle through a stop sign.  *Id*. at pp. 5-6.  Based on Jensen's testimony, the Magistrate Judge's finding has a credible evidentiary basis.  Having made such a determination, we conclude that a reasonable fact-finder could have determined that Abbott did not comply with his duties at the stop sign.  Accordingly, we will deny Abbott's appeal.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 29, 2008

5

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
        Plaintiff              :
                               :
                               :
        v.                     :   CRIMINAL NO. 1:CR-08-003
                               :
                               :
RUSSELL W. ABBOTT,             :
        Defendant              :
```

*O R D E R*

AND NOW, this 29th day of May, 2008, pursuant to the accompanying Memorandum, it is ordered that Russell Abbott's appeal (doc. 1) is denied and his conviction is affirmed. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge